IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Jerome Boseman, ) | |
| ) | |
| Petitioner, ) | |
| ) | C/A No.: 2:11-3265-TLW-BHH |
| vs. ) | |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

# ORDER

Vincent Jerome Boseman, proceeding *pro se*, submitted a petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on September 24, 2012 by Magistrate Judge Bruce Howe Hendricks, to whom this case was previously assigned. (Doc. # 27). In the Report, the Magistrate Judge recommends granting in part Petitioner's Motion to Amend (Doc. # 24), granting Respondent's Motion for Summary Judgment (Doc. # 15), and denying a certificate of appealability. Plaintiff filed objections to the Report on October 10, 2012. (Doc. # 31). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. (Doc. # 27). The Petitioner's objections are **OVERRULED**. (Doc. # 31). To the extent the Petitioner's Motion to Amend seeks to add a claim for ineffective relief of trial counsel, the Petitioner's Motion to Amend is **GRANTED** (Doc. # 24). The Petitioner's amendment to his petition having been considered, the Respondent's Motion for Summary Judgment is **GRANTED** (Doc. # 15) and the Petitioner's habeas petition is **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

With regards to a certificate of appealability, the governing law provides that:

(c) (2)   A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
(c) (3)   The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a

certificate of appealability is denied.

    **IT IS SO ORDERED**.

_____s/Terry L. Wooten_____
United States District Judge

October 30, 2012
Florence, South Carolina